UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EZRA HENRY,

    Petitioner,

v.                                                                          Case No. 91-80936

UNITED STATES OF AMERICA,                      Honorable Patrick J. Duggan

    Respondent.
_____/

**ORDER TRANSFERRING**
**PETITIONER'S MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO**
**FED. R. CIV. P. 60(b)(6) TO THE SIXTH CIRCUIT COURT OF APPEALS**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan on March 9, 2006.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
U.S. DISTRICT COURT JUDGE

Presently before the Court is Petitioner Ezra Henry's Motion for Relief from Judgment pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure, filed on November 28, 2005. In his Motion, Petitioner moves the Court for an order vacating its denial of Petitioner's Motion to Vacate Sentence pursuant to 28 U.S.C. § 2255.

I.    **Background**

Following a jury trial in 1992, Petitioner was found guilty of conspiracy to possess with intent to distribute and distribution of heroin and cocaine, in violation of 21 U.S.C. § 846; possession with intent to distribute, in violation of 21 U.S.C. § 841; and unlawful

use of a communication facility, in violation of 21 U.S.C. § 843b. On December 14, 1992, this Court sentenced Petitioner to 250 months imprisonment. Petitioner appealed his conviction to the Sixth Circuit Court of Appeals, which affirmed his conviction and sentence on November 8, 1994.

On April 25, 1997, Petitioner filed a petition under 28 U.S.C. § 2255 to vacate, set aside or correct his sentence. This Court denied the petition in an Opinion and Order issued on January 27, 1998.

On July 23, 2001, Petitioner filed a second petition under 28 U.S.C. § 2255 in this Court. On September 18, 2001, this Court issued an Order transferring Petitioner's second or successive § 2255 petition to the Sixth Circuit Court of Appeals.

On March 6, 2002, Petitioner filed a third § 2255 petition in this Court. On March 15, 2002, this Court issued an Order transferring Petitioner's successive § 2255 petition to the Sixth Circuit Court of Appeals.

On July 19, 2002, Petitioner filed a "Motion Under Rule 35" and a supplemental "Memorandum: Section 2255 Motion Amendment." On July 25, 2002, Petitioner filed another § 2255 petition in this Court. In an Opinion and Order dated August 13, 2002, this Court denied Petitioner's Motion Under Rule 35 and transferred the remaining successive § 2255 petitions to the Sixth Circuit Court of Appeals.

Petitioner failed to obtain permission from the Sixth Circuit Court of Appeals to file any successive § 2255 petition.

II.     **Applicable Law and Analysis**

Petitioner seeks relief from this Court's Opinion and Order of January 27, 1998,

which dismissed Petitioner's Motion to Vacate Sentence pursuant to 28 U.S.C. § 2255. Petitioner contends that this Court should grant his Motion pursuant to FED. R. CIV. P. 60(b)(6).  Rule 60(b) provides, in pertinent part:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from final judgment, order, or proceeding for the following reasons: . . . (6) any other reason justifying relief from the operation of judgment.

FED. R. CIV. P. 60(b).

At issue is whether Petitioner's Rule 60(b) motion must be treated as a request for authority to file a second or successive § 2255 motion.  As the U.S. Supreme Court explained in *Gonzalez v. Crosby*, 125 S. Ct. 2641 (2005), although labeled a Rule 60(b) motion, a motion that contends that a subsequent change in substantive law is a reason for justifying relief is, in substance, a successive habeas petition.  *Id.* at 2647; *see also Smith v. Anderson*, 402 F.3d 718, 723 (6th Cir. 2005) (finding that "when a motion's factual predicate deals primarily with the constitutionality of the underlying . . . conviction or sentence, the motion should be treated as a second or successive habeas petition").

In this case, Petitioner asks the Court to vacate its previous denial of his § 2255 motion based on intervening Supreme Court law that renders his sentence unconstitutional.  Specifically, Petitioner contends that the Supreme Court's decisions in *Apprendi v. New Jersey*, 530 U.S. 266, 120 S. Ct. 2348 (2000), *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531 (2004), and *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738 (2005), render his sentence unconstitutional because this Court determined the type of drug and drug quantity involved in calculating Petitioner's sentence.  Therefore,

the Court treats Petitioner's pending motion as a successive § 2255 petition.

Before a petitioner can file a successive petition in a district court, the "second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals." 28 U.S.C. § 2255. Under § 2244, "federal prisoners seeking to file a second or successive attacking a sentence under 28 U.S.C. § 2255 must request from the court of appeals an order authorizing the district court to entertain the second or successive request." *In re Sims*, 111 F.3d 45, 46 (6th Cir. 1997). When a second or successive § 2255 petition is filed in a district court without § 2244(b)(3) authorization, the Sixth Circuit Court of Appeals has instructed that "the district court shall transfer the document to [it] pursuant to 28 U.S.C. § 1631." *Id.* at 47. As a result, the Court concludes that it lacks jurisdiction to consider Petitioner's requested relief and that his motion must be transferred to the Sixth Circuit pursuant to 28 U.S.C. § 1631.

Accordingly,

**IT IS ORDERED** that Petitioner's Motion, filed on November 28, 2005, is hereby **TRANSFERRED** to the Sixth Circuit Court of Appeals.

                                                s/PATRICK J. DUGGAN
                                                UNITED STATES DISTRICT JUDGE

Copies to:
Ezra Henry
#15460-039
P.O. Box 14500
Lexington, KY 405121

Wayne F. Pratt, AUSA